IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRIAN BROOKS**, | ) |
| Plaintiff, | ) **No.** 1:19-cv- |
| v. | ) Honorable Judge |
| **HEARTLAND EMPLOYMENT SERVICES, LLC, AN OHIO LIMITED LIABILITY COMPANY, MANORCARE HEALTH SERVICES, LLC D/B/A HCR MANORCARE HEALTH SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY AND FRANK TROHO, INDIVIDUALLY** | ) Magistrate Judge </br>) *JURY DEMAND* |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, **BRIAN BROOKS,** ("Plaintiff"), by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendants, **HEARTLAND EMPLOYMENT SERVICES, LLC, AN OHIO LIMITED LIABILITY COMPANY, MANORCARE HEALTH SERVICES, LLC D/B/A HCR MANORCARE HEALTH SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY AND FRANK TROJO, INDIVIDUALLY** (each a "Defendant", collectively "the Defendants"), states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **HEARTLAND EMPLOYMENT SERVICES, LLC,** ("HES.") is an LLC that owns and operates a network of senior living, hospice and rehabilitation facilities located in Illinois and numerous other states. Defendant, **HEARTLAND EMPLOYMENT SERVICES, LLC,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **MANORCARE HEALTH SERVICES, LLC D/B/A HCR MANORCARE HEALTH SERVICES, LLC,** ("MHS") is an LLC that owns and operates a network of senior living, hospice and rehabilitation facilities located in Illinois and numerous other states. Defendant, **MANORCARE HEALTH SERVICES, LLC D/B/A HCR MANORCARE HEALTH SERVICES, LLC,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i)

and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant, **FRANK TROJO,** is the Administrator of the Homewood, Illinois location of **HEARTLAND EMPLOYMENT SERVICES, LLC, AN OHIO LIMITED LIABILITY COMPANY, MANORCARE HEALTH SERVICES, LLC D/B/A HCR MANORCARE HEALTH SERVICES, LLC** (collectively "HCR Manorcare"), and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

6. The Corporate Defendants, **HEARTLAND EMPLOYMENT SERVICES, LLC.** and **MANORCARE HEALTH SERVICES, LLC D/B/A HCR MANORCARE HEALTH SERVICES, LLC**, are related in substantive ways (i.e. Plaintiff performed work and provided services under the name of all corporate entities, and received paychecks from all entities) and therefore, constitute a single enterprise under the law. At all times relevant hereto, the corporate Defendants ("Joint Employers") a) performed related activities; b) through unified operation or common control, and; c) for a common business purpose.

7. Plaintiff, **BRIAN BROOKS** (hereinafter referred to as "Plaintiff") is a current, salaried employee of Defendants who, since approximately 2005, has been employed by Defendants at their 940 Maple Ave., Homewood, Illinois location as a housekeeping/laundry supervisor. Brooks performed duties related to housekeeping,

laundry and facility maintenance, including many non-exempt tasks such as cleaning, laundry, handyman repair work, etc. During Brooks' entire employment, Defendants compensated Brooks on an improper salary basis and denied him overtime pay for hours worked over 40 per week.

IV. **STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Plaintiff, on a regular basis within the dates of employment referenced herein, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one half for such hours pursuant to the requirements of the federal, state and county statutes relied upon herein.

12. Plaintiff has been employed by Defendants at their Homewood, Illinois location since approximately 2005.

13. During Plaintiff's entire employment with HCR Manorcare, Plaintiff has been employed as a housekeeping/laundry supervisor. During his entire employment, Defendants paid Plaintiff a salary (paid every two weeks) intended to compensate Plaintiff for all hours worked, including those in excess of 40 in individual work weeks. However, Plaintiff's job duties did not qualify him for any of the salary exemptions established by the FLSA or IMWL.

14. Plaintiff's position was labeled as a management position by Defendants, but Plaintiff performed a wide variety of duties, including substantial amounts of time performing non-exempt duties normally performed by the facility's hourly housekeeping and maintenance staff such as: laundering sheets, clothes and tablecloths, cleaning resident rooms and common areas, shampooing carpet, waxing, buffing and stripping floors, removing trash, performing repair work (i.e. changing light bulbs, painting, fixing toilets, etc.) as well as numerous other manual labor duties at Defendants' facility as directed by HCR Manorcare's management employees, specifically Defendant Trojo.

15. Plaintiff's minimum schedule is the following: 8:30 a.m. to 5:30 p.m., but almost always as late at 6:30 p.m. Plaintiff is also, on a regular basis, required to fill in additional shifts for hourly housekeeping employees when these employees are absent. Additionally, these extra shifts worked by Plaintiff were and are not recorded by Defendants because Defendants did not keep track of his time as required by law. Plaintiff also at times performed work from home by phone and email.

16. Plaintiff spends at least approximately 80%-85% of his working hours performing the non-exempt housekeeping, cleaning and repair duties described above.

17. During Plaintiff's employment, he has been paid as an improper salary ranging from approximately $1,040 to $1,420 every two weeks that constituted pay only for the first 80 hours of each two week pay period. Plaintiff received no compensation for hours worked in excess of 40 in an individual, statutory work week.

18. During his employment with Defendants, Plaintiff did not qualify for any of the salary exemptions permitted by the relevant statutes, as Plaintiff performed significant hours of non-exempt manual labor and a host of other non-exempt duties.

19. As a result of Defendant's improper salary classification, Plaintiff received no compensation, let alone an overtime premium, for hours worked in excess of 40 in a work week.

20. Over the entire course of Plaintiff's employment, he did not receive any compensation for hours worked in excess of 40 in individual work weeks.

21. Plaintiff worked in excess of forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for overtime-eligible hours.

22. Plaintiff was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

23. The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29

CFR Part 516, Plaintiff will be capable of providing reasonable estimates of that time, as permitted by law.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-23.     Paragraphs 1 through 23 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 23 of this Count I.

24.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

25.     Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, as described above.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-25. Paragraphs 1 through 25 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of Count II.

26. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

27. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-27. Paragraphs 1 through 27 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 27 of Count III.

28. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

29. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-29. Paragraphs 1 through 29 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of this Count IV.

30. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

31. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

32. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

Respectfully submitted,

*Electronically Filed 12/20/2019*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff